IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JIM COOPER CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. CIV-23-691-D |
| C. FORD ELECTRIC, LLC, | ) ) ) | |
| Defendant. | ) | |

# COMPLAINT

Plaintiff Jim Cooper Construction Company, Inc. ("Plaintiff" or "Cooper") brings this complaint against Defendant C. Ford Electric, LLC ("Defendant" or "C. Ford") and alleges the following in support of its claims:

**Parties and Jurisdiction**

1. Plaintiff is an Alabama corporation with its principal place of business in Jefferson County, Alabama, and which was incorporated in Alabama.

2. Defendant is an Oklahoma limited liability company with its principal place of business in Oklahoma City, Oklahoma. Upon information and belief, Defendant's partner(s) live in Oklahoma.

3. This court has subject matter due to the diversity of the parties and the amount of compensatory and punitive damages in controversy, which exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**Facts**

5. On or around March 8, 2022, Cooper informed Defendant that Cooper intended to use Defendant as its electrical subcontractor to provide electrical design and engineering services (the "Services") for the Wilshire Distribution Center project in Oklahoma City, Oklahoma (the "Project").

6. Cooper informed Defendant that the owner of the Project required both electrical drawings as well as a computer-aided design ("CAD") file. Defendant retained another subcontractor, Solutions AEC, to "stamp" the drawings and produce the CAD file.

7. Defendant invoiced Cooper $71,500.00 for the Services.

8. Cooper paid Defendant's invoice, in full, in a timely manner.

9. Later, Cooper discovered that Defendant had not paid Solutions AEC for its subcontract work on the electrical drawings and production of the CAD file.

10. At the request of the Project's owner, Cooper asked Defendant to produce the CAD file. Defendant was unable to do so.

11. On or about February 3, 2023, Defendant informed Cooper, "I am afraid with our current situation that if we pay Solutions they may still hold the CAD." Per Defendant,

it was in a separate dispute with Solutions AEC and it believed they would leverage the money paid for Cooper's job as evidence for this other dispute.

12. Of the $71,500.00 Cooper paid Defendant, at least $60,000.00 was to be paid to Solutions to secure the CAD file (among other Services Solutions AEC was providing to Defendant on a subcontract basis).

13. Cooper informed Defendant that if it couldn't work out something with Solutions to get Cooper the CAD file Cooper was owed, that Defendant should refund the money Cooper paid Defendant so that Cooper could acquire the needed plans and CAD file from another subcontractor.

14. Ultimately, and to avoid problems with the Project's owner, Cooper paid Solutions AEC directly for the CAD file. Solutions AEC promptly provided it.

15. On or about February 3, 2023, when discussing Defendant's inability to provide the work contracted for, Defendant informed Cooper, "I think the plan is to refund the money to you."

16. Weeks passed without the refund being issued. At this point, Cooper had paid for the CAD files twice, first to Defendant who never provided it and second to Solutions AEC, the actual entity that completed the work.

17. Cooper inquired about the refund on February 21, 2023. That same day, Defendant representative told Cooper, "I am working on getting this issued now."

18. Since February, Defendant has stopped responding to Cooper's requests for refund and is no longer communicating or answering Cooper's correspondence requests.

19. To date, no refund has been issued and Cooper still has not been provided with the CAD file that Defendant was retained to produce and Defendant has failed to fulfill its end of the bargain.

## COUNT I – BREACH OF CONTRACT

20. Cooper adopts and reincorporates the preceding Paragraphs 1-19.

21. Cooper had a contract with Defendant to perform the Services, including the production of a CAD file containing the results of Defendant's electrical engineering and design Services.

22. Cooper satisfied its obligations under the contract by timely paying for the Services in full.

23. Defendant breached the contract by failing to provide the Services it was required to provide, including, but not limited to, its failure to produce a CAD file containing the results of Defendant's electrical engineering and design Services.

24. Despite promising to do so, Defendant failed to refund Cooper's payment after it became clear that Defendant was unable to provide the Services as required.

25. Defendant's breach of the contract has damaged Cooper.

26. Cooper demands judgment against Defendant in an amount of not less than $71,500.00 plus prejudgment interest under Okla. Stats. tit. 12, § 6, and all other relief that this Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

27. Plaintiff adopts and reincorporates the preceding Paragraphs 1-26.

28. Cooper paid Defendant $71,500.00 for Services, including delivery of the CAD file, that Cooper did not receive.

29. Defendant recognized its failure to complete the Services as required and promised to refund Cooper's payment.

30. Defendant has held and has failed to refund Cooper's money, which, in equity and good conscience, belongs to Cooper.

31. Thus, Defendant has been unjustly enriched by holding Cooper's money while failing to provide the Services as required.

32. Defendant has acted in reckless disregard of Cooper's rights by accepting Cooper's money and not delivering Services promised and refusing to return money it was not owed.

33. Cooper requests that this Court enter an order requiring Defendant to disgorge the funds unjustly held, or alternatively, enter judgment against Defendant in an amount of not less than $71,500.00 plus all allowable interest under Okla. Stats. tit. 12, § 6 *et al*, punitive damages to be determined by the trier of fact discussed *infra*, and all other relief that this Court deems just and proper.

34. To the extent the trier of fact determines these Defendant's actions were so recklessly undertaken as to be in disregard for the rights of others, including Plaintiff, punitive damages pursuant to Okla. Stat. tit. 23, § 9.1 should be assessed in Plaintiff's favor and against Defendant for such sum as Oklahoma law provides and the trier of fact

determines to be appropriate, but in any event, equal to the sum of Plaintiff's alleged damages herein.

### COUNT III – FRAUD

35. Plaintiff adopts and reincorporates the preceding Paragraphs 1-34.

36. Defendant falsely represented to Plaintiff, both before and after Plaintiff paid Defendant $71,500.00, that Defendant would provide the Services promised and would pay its subcontractor Solutions AEC for the delivery of stamped drawings and CAD file required for the Project.

37. Defendant did not provide the Services it promised and did not pay Solutions AEC.

38. Defendant made these false representations knowingly or recklessly without knowledge of the truth.

39. Defendant appreciated that its representations induced Plaintiff to pay Defendant the full amount for the Services and to forbear from taking swifter action against Defendant to disgorge and recoup the funds that Defendant failed to pay to Solutions AEC.

40. Plaintiff relied upon the misrepresentations to Plaintiff's detriment and has incurred damages.

41. Cooper demands judgment against Defendant in an amount of not less than $71,500.00, plus all allowable interest under Okla. Stats. tit. 12, § 6 *et al*, punitive damages to be determined by the trier of fact discussed *infra*, and all other relief that this Court deems just and proper.

42. To the extent the trier of fact determines these Defendant's actions were so recklessly undertaken as to be in disregard for the rights of others, including Plaintiff, punitive damages pursuant to Okla. Stat. tit. 23, § 9.1 should be assessed in Plaintiff's favor and against Defendant for such sum as Oklahoma law provides and the trier of fact determines to be appropriate, but in any event, equal to the sum of Plaintiff's alleged damages herein.

Respectfully submitted,

s/ Kaylee Davis-Maddy
Doerner, Saunders, Daniel & Anderson, L.L.P.
210 Park Avenue Suite 1200
Oklahoma City, OK 73102
Office Phone: (405) 319-3513
Email: kmaddy@dsda.com

*Attorneys for Plaintiff*
*Jim Cooper Construction Company, Inc.*

8028812.1