IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JIM COOPER CONSTRUCTION )
COMPANY, INC., )
 )
    Plaintiff, )
 )
v. )    CASE NO. CIV-23-691-D
 )
C. FORD ELECTRIC, LLC, )
 )
    Defendant. )

**MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 55(a), Plaintiff Jim Cooper Construction Company, Inc. ("Jim Cooper") requests that this Court grant it and enter default judgment in its favor and against Defendant C. Ford Electric, LLC in the sum of $71,500.00. Jim Cooper provides the following in support of this motion:

1.    Jim Cooper commenced this civil action on August 7, 2023. ECF No. 1.

2.    It then caused a summons in a civil action to be issued addressed to Defendant. The summons was duly served upon Defendant on August 22, 2023. ECF No. 5.

3.    The Summons advised Defendant that a default would be entered against it for the full amount demanded by Jim Cooper in its Complaint if no responsive pleading was filed within 21 days after service thereof. The resultant deadline was September 12, 2023.

4.      On November 3, 2023 after request by Jim Cooper, the Court Clerk entered default. ECF No. 7. Now, Jim Cooper seeks the entry of default judgment.

5.      Under Fed.R.Civ.P. 55, a default judgment may be entered against a party who fails to appear or otherwise defend. A default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. *Tabb v. Mentor Prot. Serv. LLC,* No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018)(citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).  Here, Defendant failed to enter and file a responsive pleading. Accordingly, a default judgment against Defendant should be entered.

6.      Further, a defendant who defaults is deemed to have admitted the well-pleaded factual allegations of the Complaint as true.  *See*, *e.g.*, *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). Rule 55(b) also provides that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." However, an evidentiary hearing is not always required.  In *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983), the Tenth Circuit stated a court may not enter a default judgment without a hearing "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *See also United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006). The hearing requirement can be satisfied by the submission of affidavits or other documentary evidence if the record created is sufficient for the Court to decide the matters before it.  *Lopez v. Highland Construction, LLP*, 2018 WL 1535506, *3 (D. Col. March 29, 2018).  *See also Tabb*, 2018 WL 3213622, at *2 (W.D. Okla. June 29, 2018). Thus, if the Plaintiff's damages are

capable of mathematical calculation and supported by affidavits and other evidence in the record, a hearing is not required.

7.      The Affidavit of Lee Strickland affirms that the amount due and owing by Defendant to Jim Cooper is the sum of $71,500.00. *See Affidavit of Lee Strickland*, attached hereto as Exhibit 1. This is capable of mathematical calculation as the exact amount Jim Cooper paid for work Defendant failed to complete. The Affidavit further confirms that Jim Cooper paid Defendant $71,500.00 for work it failed to provide, and that Jim Cooper has not obtained the benefit of its bargain with Defendant.

8.      In addition, Jim Cooper is entitled to pre-judgment interest from February 3, 2023, the date certain that Defendant stated it would refund the money paid by Jim Cooper and otherwise confirming it would not be providing the work for which it was engaged (*see* ECF No. 1, Complaint, ¶¶ 11-15; Ex. 1. ¶ 7), to the date of judgment.  *See* 23 Okla. Stat. §6 ("any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . ."). The Oklahoma pre-judgment interest rate is 1.90% for 2023.

### CONCLUSION

Defendant did not appear in this case. Based upon the well-pleaded allegations in the Complaint, and the evidence in the record before the Court, Jim Cooper requests the Court enter a default judgment in its favor and against Defendant that Defendant breached its agreement with Jim Cooper and award Jim Cooper $71,500.00 in damages against Defendant for its breach together with pre-judgment interest.

Respectfully submitted,


  s/ Kaylee Davis-Maddy
Doerner, Saunders, Daniel & Anderson, L.L.P.
210 Park Avenue Suite 1200
Oklahoma City, OK 73102
Office Phone: (405) 319-3513
Email:  kmaddy@dsda.com

*Attorneys for Plaintiff*
*Jim Cooper Construction Company, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on November 29th, 2023, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing.

And also via the United States Postal Service to the following, who is not a registered participant of the ECF System:

C. Ford Electric, LLC
c/o Cory Green
6209 SE 74th St.
Oklahoma City, OK 73135


  s/ Kaylee Davis-Maddy
Kaylee P. Davis-Maddy


8077807.1