IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIM COOPER CONSTRUCTION COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> C. FORD ELECTRIC, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-23-691-D |

## ORDER

Before the Court is Plaintiff Jim Cooper Construction Company, Inc.'s ("Cooper") Motion for Default Judgment [Doc. No. 8]. On November 3, 2023, the Court Clerk entered default against Defendant C. Ford Electric, LLC ("Ford") [Doc. No. 7]. Ford has not responded to the instant Motion, and, although duly served with process, has failed to appear and answer or otherwise respond to the Complaint.

## BACKGROUND

On August 7, 2023, Cooper filed the present action alleging that Ford failed to produce a computer-aided design ("CAD") file that Cooper had paid for, and that Ford had agreed to produce. In order to provide Cooper with the CAD file, Ford retained a subcontractor, Solutions AEC, to "stamp" the drawings and produce the CAD file. Ford invoiced Cooper $71,500 for its services, and Cooper timely paid in full.

Later, Cooper discovered that Ford, due to a separate dispute with Solutions AEC, had not paid Solutions AEC for its work on the electrical drawings and production of the CAD file. Cooper asked Ford to produce the CAD file, but Ford was unable to do so.

Cooper informed Ford that, if Ford could not resolve its dispute with Solutions AEC, it should refund Cooper's money so that Cooper could acquire the drawings and CAD file from another subcontractor.

Eventually, Cooper paid Solutions AEC directly for the CAD file, and Solutions AEC promptly provided it. Although Ford informed Cooper on multiple occasions that it planned to refund Cooper's $71,500 payment, Ford failed to do so. Ford stopped communication with Cooper altogether, and has still failed to refund Cooper its $71,500 payment.

Cooper filed suit, seeking recovery of its $71,500 payment. Ford has failed to answer or otherwise respond to Cooper's Complaint. Through the instant Motion, Cooper seeks a default judgment awarding it the $71,500 it originally paid to Ford to secure the needed drawings and CAD file.

## STANDARD OF DECISION

The entry of default judgment is committed to the sound discretion of the Court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). The Court may consider a variety of factors in the exercise of such discretion, including:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted).[1] Default judgments are generally disfavored in light of the policy that cases should be decided on their merits whenever reasonably possible. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991). Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party. *See id.* at 733.

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides two distinct sequential steps when a defendant fails to answer or otherwise defend against an action: the entry of default and the entry of a default judgment. *See* FED. R. CIV. P. 55(a), (b); *Guttman v. Silverberg*, 167 F. App'x 1, 2 n.1 (10th Cir. 2005) ("The entry of default and the entry of a judgment by default are two separate procedures."). Initially, a party must ask the Clerk of Court to enter default. FED. R. CIV. P. 55(a). Only after the Clerk has complied may a party seek default judgment. *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (holding that entry of default is a prerequisite for the entry of a default judgment under Rule 55(b)(1)).

The procedural requirements for a grant of default judgment by the Court require that the application be accompanied by an affidavit in compliance with LCvR55.1, which states "[n]o application for a default judgment shall be entertained absent an affidavit in

---

[1] "Although the *Ehrenhaus* test was born from a decision to dismiss a case, it is equally applicable to motions for default judgment." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 610 (D.N.M. 2012) (citing *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011)).

3

compliance with the Servicemembers Civil Relief Act, [50 U.S.C. § 3931]." Here, Ford has failed to answer or plead, default was entered, and Cooper has satisfied the Court's procedural requirements. *See* Pl.'s Mot. for Entry of Default, Ex. 2 [Doc. No. 6-2].

Upon an entry of default, the Court takes all of the well-pleaded facts in a complaint as true. *See Tripodi*, 810 F.3d at 765 (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts"); *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (citation omitted).

The Court, however, need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages sought. Therefore, before granting a default judgment, the Court must first ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *See, e.g.*, *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274–75 (D. Kan. 2016) ("'Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law.' . . . Furthermore, a default judgment does not establish the amount of damages. . . . Plaintiff must establish that the amount requested is reasonable under the circumstances.") (internal citations omitted); *see also Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[A] default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading.

4

Thus, with respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

"'If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing.'" *Craighead*, 176 F. App'x at 925 (internal citation omitted); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation."). Accepting the well-pled allegations in the Complaint as true and for the reasons stated below, the Court finds that the allegations support entry of a default judgment. The amount prayed for in the Complaint and referenced in the instant Motion—$71,500—is a sum certain stemming from Cooper's original payment to Ford for production of needed drawings and CAD file. *See* Pl.'s Mot. Default J., Ex. 1 [Doc. No. 8-1]. Further, the Court finds that the allegations, as set forth in the Complaint, establish Ford's liability on Cooper's breach of contract, unjust enrichment, and fraud claims.

The Complaint alleges that on or around March 8, 2022, Cooper informed Ford that Cooper intended to use Ford as its electrical subcontractor to provide electrical design and engineering services for the Wilshire Distribution Center project in Oklahoma City, Oklahoma. Compl. [Doc. No. 1], ¶ 5. Cooper informed Ford that the owner of the project required both electrical drawings and a CAD file. *Id.*, ¶ 6. Therefore, Ford retained another

subcontractor, Solutions AEC, to "stamp" the drawings and produce the CAD file. *Id.* Ford invoiced Cooper $71,500 for its services, and Cooper promptly paid in full. *Id.*, ¶¶ 7-8. Cooper eventually discovered that Ford had not paid Solutions AEC for its work. *Id.*, ¶ 9. After Ford was unable to produce the CAD file to Cooper, Cooper informed Ford that it should refund the $71,500 it previously paid to Ford. *Id.*, ¶¶ 10-13. To avoid issues with the project owner, Cooper purchased the CAD file from Solutions AEC directly. *Id.*, ¶ 14. Although Ford initially told Cooper that it planned to refund the $71,500 payment, Ford eventually stopped all communication with Cooper. *Id.*, ¶¶ 15-18. To date, Ford has not refunded Cooper or provided Cooper with the CAD file. *Id.*, ¶ 19.

Accordingly, it is evident from the record before the Court that Ford agreed to provide electrical design and engineering services and, in order to do so, retained Solutions AEC to provide the requested drawings and CAD file. Cooper paid Ford for those services, but Ford failed to provide the drawings or CAD file. Further, Ford failed to refund Cooper, and its failings forced Cooper to pay Solutions AEC for the CAD file. Cooper, therefore, suffered calculable damages as a direct result of Ford's breach of the parties' agreement and fraudulent representations. Because Ford has failed to respond or defend this action in any way, the Court finds default judgment is appropriate under the circumstances.

Upon review of the submissions, the Court finds Cooper is entitled to damages in the amount of $71,500. Cooper is further entitled to pre-judgment interest from February 3, 2023 to the date of entry of the Court's Default Judgment, pursuant to Okla. Stat. tit. 23, § 6.

## CONCLUSION

Cooper's Motion for Default Judgment [Doc. No. 8] is **GRANTED**, as set forth herein. A separate Default Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 2nd day of January, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

## CONCLUSION

Cooper's Motion for Default Judgment [Doc. No. 8] is **GRANTED**, as set forth herein. A separate Default Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 2nd day of January, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge